Ralph B. DEFENBACH, as Trustee, Appellant,

v.

R. Max ETTER and Paul C. Keeton, Appellees.

No. 15515.

United States Court of Appeals Ninth Circuit.

Feb. 17, 1958.

Thomas Malott, Sidney Schulein, Spokane, Wash., for appellant.

F. J. McKevitt, Spokane, Wash., for appellees.

Before FEE and HAMLEY, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM.

Etter and Keeton, appellees, are attorneys. They represented appellant Defenbach, assignee for the benefit of creditors of Robert Weyen, now deceased, in a successful attempt to recover for the benefit of creditors the proceeds of a number of insurance policies on the life of Weyen over the opposition of Weyen's relatives. By reason of the inability of Defenbach and the attorneys to arrive at an agreement concerning either the amount of attorneys' fees or the formula according to which such fees should be paid, the attorneys filed an attorneys' lien against a check for more than $60,-000 paid pursuant to the judgment.[1] Thereafter the attorneys sought to foreclose this lien.

The trial judge who presided over the original case heard and determined this issue. He found that the services were performed without a specific contract as to attorneys' fees and that for all practical purposes the employment was on the basis of a contingent fee since it appeared that the attorneys would not have been paid any fee if the litigation had not terminated successfully. On the basis of such finding he awarded the attorneys $15,000.

Defenbach's sole complaint is that the court's finding of a contingent fee arrangement is not supported by the evidence. He does not challenge the amount of the fee on any other basis.

The attorneys testified that they were not to be paid a fee unless Defenbach succeeded in getting the insurance money. Defenbach denied this contention, claiming that a flat fee was to be agreed upon after the litigation had been concluded and that there was money already available from which a fee could have been paid even if the case was lost.

Findings of fact by a trial judge are not to be set aside unless clearly erroneous. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. The trial judge here saw and heard the witnesses. Their testimony was in conflict, and he chose to believe the attorneys rather than Defenbach. We are satisfied that there was ample evidence to support the findings of the court below both as to the contingent-fee arrangement and as to the amount of the fee to be awarded.

Appellees' request that damages be imposed upon appellant pursuant to Rule 24(2), Rules of the U. S. Court of Appeals for the Ninth Circuit, 28 U.S.C.A., is denied.

The judgment is affirmed.

---

1. An additional sum of $5,832.00 was paid to Defenbach by another insurance company by reason of the judgment, and earlier approximately $8,700.00 from a different insurance company was collected without litigation.